UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANK DEMEO,

                      Plaintiff,            9:03-CV-1424
                                                   (NAM)(DRH)

    v.

EDMUNDO NUNEZ; J. PERILLI; K. CAPUANO; HALKO, MD,

                      Defendants.
_____

APPEARANCES:                              OF COUNSEL:

FRANK DEMEO
Plaintiff, pro se
84-A-2139
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

OFFICE OF THE ATTORNEY GENERAL      ROGER W. KINSEY, ESQ.
State of New York                            Assistant Attorney General
Counsel for the Defendants
The Capitol
Albany, New York 12224

DAVID R. HOMER, MAGISTRATE JUDGE

## ORDER

This civil rights action pursuant to 42 U.S.C. § 1983 was commenced by *pro se* plaintiff Frank Demeo in November, 2003. Plaintiff's complaint was accepted for filing and service of process was effected on the named defendants. Dkt. Nos. 4, 5.[1] An answer to the complaint was filed on behalf of the defendants (Dkt. No. 7), and discovery was conducted in accordance with the Pretrial Scheduling Order. Dkt. No. 10.

Defendants filed a motion for summary judgment in January, 2005. Dkt. No. 20.

---

[1] The Court also granted plaintiff's application to proceed in forma pauperis. Id.

In support of their motion, defendants submitted numerous exhibits consisting primarily of plaintiff's medical records, plaintiff's deposition transcript and affidavits of medical personnel.

Plaintiff was granted an extension of time until April 15, 2005, to respond to the summary judgment motion. Dkt. Nos. 21, 22. However, by letter dated March 22, 2005, plaintiff notified the Court that his legal materials had been confiscated by officials at Great Meadow Correctional Facility. Dkt. No. 23. At the time the materials were confiscated, they were in the possession of another inmate who, according to plaintiff, had been assisting plaintiff in the prosecution of this action. Plaintiff provided the Court with a copy of the inmate misbehavior report filed against the inmate, which stated that legal materials belonging to plaintiff were in the possession of inmate T. Chaney, and had been confiscated. Id.

By letter dated April 27, 2005, plaintiff sought a further extension of time to respond to defendants' summary judgment motion. Dkt. No. 24. Plaintiff reported that his efforts to secure the return of his legal materials had been unsuccessful. Plaintiff submitted correspondence from defendants' counsel and from Captain Kelly at Great Meadow, both of whom advised plaintiff that they were not able to assist him in this matter. The time for plaintiff's response to the summary judgment motion was further extended until May 31, 2005, and plaintiff was directed to make good faith efforts to procure his legal materials. Id.

Shortly thereafter, plaintiff advised the Court that some of legal materials were returned to him on April 21, 2005. Dkt. No. 25. Plaintiff further advised, however, that the file returned to him was not complete, and that he was missing his medical records,

2

deposition transcript, defendants' summary judgment motion, and his correspondence file. Id. Plaintiff requested this Court's assistance in obtaining copies of these materials, and also requested defendants' counsel to advise him of the cost of providing copies of the necessary documents.[2] It does not appear from the record that defendants' counsel has responded to plaintiff's inquiry.

There is no question but that the legal materials which plaintiff claims to be missing are necessary for the preparation of a meaningful response to the pending summary judgment motion. It further appears that legal materials belonging to plaintiff were confiscated by prison officials in connection with disciplinary proceedings involving inmate T. Chaney. According to plaintiff, only a portion of the confiscated documents have been returned to him, and he does not possess the materials he needs in order to respond to the summary judgment motion.

Notwithstanding the foregoing, the Court recognizes the possibility that the missing materials were not among the papers confiscated from inmate T. Chaney. It is also possible that these documents have been returned, or that they are still being held by prison officials. Without this information, which is not readily available to the plaintiff, the Court cannot properly determine what action, if any, by this Court is appropriate.

Accordingly, defendants' counsel is directed to contact the appropriate officials at Great Meadow in order to ascertain whether the documents confiscated from inmate T. Chaney on March 11, 2005 included the legal materials sought by plaintiff and, if so,

---

[2] The motion for summary judgment is 142 pages long. Included as exhibits to the motion are excerpts from plaintiff's deposition transcript, and approximately 51 pages of medical records. Dkt. No. 20.

3

whether those materials have been returned to plaintiff.  **Within twenty (20) days** of the filing date of this Order, defendants' counsel shall advise the Court in writing of the results of this inquiry, and, if any confiscated legal documents, or copies thereof, have <u>not</u> been returned to plaintiff, an explanation as to why this has not been done.  Upon the receipt of this information from defendants' counsel, the Clerk shall return the file to the Court for further review.

**IT IS SO ORDERED.**

DATED:  June 10, 2005
          Albany, New York

                                                          *David R. Homer*
                                                        United States Magistrate Judge